IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

FILED
2004 MAY 17 P 1:47
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

In re:  
    DENNIS LEE JOHNSON

Case No.: 03-64560-JFS  
(Chapter 13)

DENNIS LEE JOHNSON  
    Plaintiff  
v.

Adv. Pro. No.: 04-01278

DEMITRIUS NICKENS ET AL  
    Defendant

### DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

COMES NOW, the Defendants, Demitrius Nickens and Freshstart Solutions, Inc, by Kim Parker, Esquire and LAW OFFICES OF KIM PARKER, their attorneys respectfully requests this Honorable Court to Dismiss or in the alternative for summary judgment.

### UNDISPUTED FACTS

1. The Debtors used the services of Freshstart Solutions, Inc as its tax preparer for the Chapter 13 bankruptcy petition. Freshstart Solutions, Inc. is a Maryland Corporation with its principal office in Pikesville Maryland.

2. Demitrius Nickens is the Chief Executive Officer of Freshstart Solutions, Inc. The Plaintiffs in their complaint has not alleged that Demitrius Nickens engaged in any fraud or intentional misrepresentation.

3. Freshstart Solutions, Inc. employs paralegals that prepare the bankruptcy petition and stated that in its web site. Freshstart Solution did not use the word 'legal' or any similar term[1] in an advertisement nor did it advertise under any category that includes the word "legal" or any similar term.

---

[1] Lawful, officially permitted, officially authorized, or official

4.      The Debtors provided Freshstart Solutions, Inc. with information in the voluntary petition, schedules and statement of financial affairs. The Debtors has not alleged that Freshstart Solutions, Inc. failed to include information provided to it in the bankruptcy documents and papers.

5.      Freshstart Solutions, Inc. completed, signed and filed all forms applicable to a petition preparer like the Defendant, Freshstart Solutions, Inc. Freshstart Solution, Inc. signed and printed its name and address on the document.

6.      Debtors in their complaint did not state any act or conduct that they allege to be fraudulent, unfair or deceptive acts or trade practices.

7.      Debtors signed a legal advise disclosure and binding arbitration notice that adviced Debtors of services provided by Freshstart and a binding arbitration clause. (Exhibit A ).

## ARGUMENT
## STANDARD OF REVIEW

The Court lacks subject matter jurisdiction and must dismiss a complaint under Rule 12(b)(1) if the Plaintiff fails to meet the procedural prerequisites of filing a civil action – i.e. exhausting administrative and contractual remedies. See *e.g., Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) (The court enforced agreement to arbitrate Federal statutory claims (Securities Act of 1933); *Suzal v. Director, U.S. Info. Agency*, 32 F.3d 574, 585 (D.C. Cir. 1994)(the court held that Plaintiff's failure to exhaust collectively bargained grievance procedure deprived court of subject matter jurisdiction to hear appeal of District Court's dismissal of claim)

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to

dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.Cir.1994). Nonetheless, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal, 16 F.3d at 1276. In other words, if it remains clear that no relief could be granted to the plaintiff, even if the plaintiff's allegations are true, then the claim must be dismissed. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Indeed, the purpose of Rule 12(b)(6) is to streamline litigation by dispensing with needless discovery and fact-finding for claims that have no legitimate legal basis. See id. at 326-27. Dismissal is proper, if the facts and allegations viewed in the light favorable to the plaintiff fails to afford the plaintiff relief if proven.

If the Court considers matters outside the pleadings when considering a Rule 12(b)(6) motion, the Court should treat the motion as one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(b). Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, (1986).. However, the Court may consider documents outside the pleadings without converting the motion into one for summary judgment if the documents are referenced in the complaint and central to the plaintiff's claims. See Sharpe v. Nat'l Football League Players Ass'n, 941 F. Supp. 8, 10 n.1 (D.D.C. 1996) (disposition under Rule 12(b)(6) proper even though court referred to collective bargaining

agreement because agreement was referenced in the complaint and central to the plaintiff's claims).

A.  **THE CLAIM AGAINST DEFENDANT DEMITRIUS NICKENS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities. See, e.g., First Nat. City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 625, 103 S.Ct. 2591, 77 L.Ed.2d 46 (1983) ("Separate legal personality has been described as 'an almost indispensable aspect of the public corporation' "); Burnet v. Clark, 287 U.S. 410, 415, 53 S.Ct. 207, 77 L.Ed. 397 (1932) ("A corporation and its stockholders are generally to be treated as separate entities"). The veil separating corporations and their shareholders may be pierced in some circumstances. The doctrine of piercing the corporate veil, however, is the rare exception, applied in the case of fraud or certain other exceptional circumstances and usually determined on a case-by-case basis. See, e.g., Burnet, supra, at 415, 53 S.Ct. 207.

In Maryland the piercing of corporate veil is founded on equity and where no fraud is shown, the plaintiff must show that an inequitable result involving fundamental unfairness from a failure to disregard the corporate form. See Hildreth v. Tidewater Equipment Company, Inc, 838 A.2d 1204 (Md. 2003)

In this case, the Debtor has not alleged in their complaint that Demitrius Nickens engaged in any fraud or that an inequitable result would result by failure to disregard the corporate entity. Debtors' bankruptcy petition was prepared by Freshstart Solutions, Inc. and if found liable would be liable for the fined stated in 11 U.S.C. §110. The fines that may be imposed pursuant to 11 U.S.C. §110 based on the allegations in the complaint, if proven, would not exceed $1,000.00.

There is no allegation that Freshstart Solutions, Inc would be unable to satisfy any judgment against it pursuant to this lawsuit.

Since the Debtors has not alleged fraud or exceptional circumstances to warrant piercing of the corporate veil, debtors complaint should be dismissed for failure to state a claim upn which relief may be granted,

**B.    THE CLAIMS AGAINST FRESHSTART SOLUTIONS, INC SHOULD BE STAYED OR DISMISSED FOR FAILURE TO COMPLY WITH AGREEMENT TO SUBMIT TO BIDING ARBITRATION**

9 U.S.C. §3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration

In J & R Sportswear & Co. v. Bobbie Brooks, Inc., 611 F.2d 29 (3rd Cir. (Pa.) 1979) the court held that provision of this section which requires that the court, upon being satisfied that the issue involved is referable to arbitration under an agreement in writing for arbitration, shall "on application of one of the parties stay the trial of the action until such arbitration has been had" does not do violence to guarantee of trial by jury under U.S.C.A. Const. Amend. 7.

In addition, In re Chorus Data Systems, Inc., 122 B.R. 845 (Bkrtcy D.N.H. 1990) the court stated that the only proper inquiry for Bankruptcy Court, in deciding whether to enforce arbitration clause in debtor's contracts, is whether text or purposes of Bankruptcy Code would be violated so significantly by enforcing arbitration clause that it can fairly be said that Congress would not have intended those provisions or purposes to be overridden by the Federal Arbitration Act; Bankruptcy Court must make good faith effort to balance competing policies of federal

statutes, and must not define "conflict" so broadly as to swallow up policies underlying the Federal Arbitration Act.

Federal statutory claims can be appropriately resolved through arbitration, and we have enforced agreements to arbitrate that involve such claims. See, e.g., <u>Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)</u> (Securities Act of 1933); <u>Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)</u> (Securities Exchange Act of 1934 and Racketeer Influenced and Corrupt Organizations Act); <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)</u> (Sherman Act). These cases demonstrate that even claims arising under a statute designed to further important social policies may be arbitrated because " 'so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum,' " the statute serves its functions. <u>Mitsubishi, supra, at 637, 105 S.Ct. 3346).</u>

In determining whether statutory claims may be arbitrated, the court considers whether the parties agreed to submit their claims to arbitration, and then ask whether Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue. See <u>Mitsubishi, supra, at 628, 105 S.Ct. 3346.</u>

In this case, the Debtors agreed to submit their claim to arbitration and Congress has not indicated an intention to preclude a waiver of judicial remedies for the statutory rights stated in 11 U.S.C. §110. The errors alleged in the preparation of the bankruptcy petition should be subject to arbitration per agreement of the parties. Therefore, Debtors claims should be dismissed or stayed for the parties to engage in arbitration.

Moreover, Debtors claim should be dismissed for failure to state a claim upon which relief can be granted. The evidence viewed in the light most favorable to the Debtors would show: (1) the original bankruptcy petition prepared by Freshstart Solutions, Inc. complied with 11 U.S.C. §110(b)(1) & (c)(1) and is evident from the original petition and schedules filed by the Debtor; (2) the Legal Advise Disclosure & Binding Arbitration Notice clearly states the parameters of the agreement to prepare the bankruptcy petition; (3) Debtor did not allege that Freshstart Solutions, Inc. did not comply with 11 U.S.C. §110 with respect to the original petition filed with the United States Bankruptcy Court; and (4) Freshstart Solutions, Inc. and Demitrius Nickens were not compensated for preparing the amended schedules, etc.

These facts are insufficient to state a claim upon which relief can be grant for several reasons. First, Defendants complied with 11 U.S.C. §110(b) & (c) with respect to the original documents. Second, Defendants were not compensated by the debtors for preparing any subsequent amendments to any document, thus is not required to comply with 11 U.S.C. §110(b) & (c) because they did not satisfy the definition of "bankruptcy petition preparer" pursuant to <u>11 U.S.C. §110(a)(1).</u>

The purpose of 11 U.S.C. §110 is to put the Court on notice of bankruptcy preparers and not to have their name in every paper filed with the court. Freshstart Solutions, Inc. put the Court in this case on notice that the original bankruptcy documents were prepared by it. Despite having complied with 11 U.S.C. §110 with respect to the original petition, Freshstart Solutions, Inc. did not prepare for compensation a document for filing, as such was not subject to 11 U.S.C. §110. Debtors did not compensate Defendants of any of the amended schedules, statement of financial affairs and/or Chapter 13 Plan. It is pertinent to note that Defendants did not prepare the Chapter 13 Plan, but for the purposes of this motion and assuming arguendo that they did, defendants

were not compensated for preparing the Chapter 13 Plan, thus were not subject to 11 U.S.C. §110(b)(1) and (c)(1).

Debtors has failed to state a claim upon which relief can be granted based on the failure to comply with arbitration agreement and facts alleged in the complaint.

## CONCLUSION

Defendants have shown that Debtors adversarial proceeding should be dismissed pursuant to Rule 12(b)(1) & (6) of the Federal Rules of Civil Procedure based on the foregoing reasons and nay other reasons that may appear to the Court at a hearing on this motion

Respectfully submitted,
LAW OFFICES OF KIM PARKER

By: _____
Kim Parker, Esquire
2123 Maryland Avenue
Baltimore, MD 21218
Phone: (410) 234-2621
Fax: (410) 234-2612
Attorneys for Defendants

FILED 2004 MAY 17 P 1:48 U.S. BANKRUPTCY COURT DISTRICT OF MARYLAND BALTIMORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 13th day of May, 2004, a copy of the foregoing motion to dismiss was mailed by first class mail postage prepaid to:

John K. Burkhardt
28 Allegheny Avenue
Suite 500
Towson, Maryland 21204-3911

_____
Kim Parker

# FRESHSTART SOLUTIONS INC

## NON-ATTORNEY BANKRUPTCY PETITION PREPARER.

### LEGAL ADVICE DISCLOSURE & BINDING ARBITRATION NOTICE.

WE ARE A PAPERWORK DOCUMENT SERVICING COMPANY AND CANNOT ANSWER LEGAL QUESTIONS YOUR SIGNATURE CERTIFIES & CONFIRMS THE FOLLOWING.

That Freshstart Solutions INC and/or its employees or affiliates has not;

A) RECOMMENDED WHAT CHAPTER BANKRUPTCY I SHOULD FILE
B) CHANGE OR ADD ANY INFORMATION WITHOUT MY CONSENT TO MY PETITION
C) AGREE TO REPRESENT ME IN ANY MEETINGS OR HEARINGS.
D) STATED THAT THEY ARE ATTORNEY'S
E) GUARANTEED MY BANKRUPTCY
F) ANSWERED ANY LEGAL QUESTIONS, Example, How long will my discharge take? Can I keep my home and car? What is the difference between Chapter 7 & 13? Etc...

*Exhibit A*

YOUR SIGNATURE ALSO IMPLIES THAT YOU WILL HOLD FRESHSTART SOLUTIONS HARMLESS:

A) FOR ANY LEGAL ISSUES THAT ARISES OUT OF YOUR BANKRUPTCY.

I AGREE THAT THE ABOVE STATEMENT IS TRUE AND CORRECT.

MY SIGNATURE RELEASES FRESHSTART SOLUTIONS INC AND ITS EMPLOYEES OR AFFILIATES FROM ANY AND ALL CLAIMS EITHER BROUGHT BY MYSELF AND OR AN EMPLOYEE OR TRUSTEE OF THE COURTS. I FURTHER AGREE TO MANDATORY BINDING ARBITRATION INSTEAD OF LITIGATION. THE ARBITRATION PROVISION STATES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CLAIM (AS DESCRIBED IN THIS ARBITRATION NOTICE) BE RESOLVED BY BINDING ARBITRATION RATHER THAN IN A COURT BY A JUDGE OR A JURY. THE ARBITRATION PROVISION MAY SUBSTANTIALLY LIMIT OR AFFECT YOUR RIGHTS, INCLUDING YOUR RIGHT TO CONDUCT DISCOVERY, TO APPEAL, TO GO TO COURT & PARTICIPATE IN A CLASS ACTION OR ANY SIMILAR PROCEEDINGS.

ALL ARBITRATION PROCEEDINGS WILL BE HELD BY, (NAF) THE NATIONAL ARBITRATION FORUM. PO BOX 50191, MINNEAPOLIS MN 55405. THE PARTY INITIATING ARBITRATION WILL PAY THE FILING FEE. CLAIM, MEANS ANY CLAIM, CONTROVERSY OR DISPUTE OF ANY KIND BETWEEN YOU AND US.

x [signature]   DATE 10/3/05

x _____   DATE ___

FRESHSTART SOLUTIONS STRIVES TO PROVIDE YOU WITH QUALITY SERVICE.
THE ABOVE LIST IS NOT TO BE CONSTRUED AS A COMPLETE LIST OF EXAMPLES OF LEGAL ADVICE
"A COMPANY STRIVING FOR EXCELLENCE WITHOUT COMPROMISE".

*ARBITRATION IS PRIVATE DISPUTE RESOLUTION MECHANISM THAT REPLACES JUDICIAL LITIGATION. BOTH PARTIES MUST AGREE TO IT IN ADVANCE. MANY CONSUMER AND COMMERCIAL CONTRACTS NOW REQUIRE MANDATORY ARBITRATION INSTEAD OF LITIGATION. A RETIRED JUDGE OR SENIOR ATTORNEY WHO HAS POWERS SIMILAR TO A SITTING JUDGE WILL CONDUCT AN ARBITRATION HEARING. WHEN THE ARBITRATION PROCESS CONCLUDES AN AWARD IS ISSUED IT CAN BE DOCKETED AS A JUDGMENT IN STATE COURT AND ENFORCED IN THE SAME MANNER AND TO THE SAME EXTENT AS A JUDICIALLY OBTAINED JUDGMENT.

WE RECOMMEND THAT YOU CONTACT A QUALIFIED BANKRUPTCY ATTORNEY REGARDING LEGAL QUESTIONS.