**Date signed February 15, 2005**



JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE | * | |
| DENNIS LEE JOHNSON, | * | Case No. 03-6-4560-JS |
| | | Chapter 13 |
| Debtor | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| DENNIS LEE JOHNSON, | * | |
| Plaintiff | * | |
| v. | * | |
| DEMETRIUS NICKENS and FRESHSTART SOLUTIONS, INC., | * | Adv. Pro. No. 04-1278-JS |
| | * | |
| Defendants | | |

* * * * * * * * * * * * *

### *MEMORANDUM OPINION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

This matter came before the Court upon the defendants' motion for summary

judgment [P. 37] upon the plaintiff's amended complaint [P. 22] for damages and

injunctive relief under Section 110 of the Bankruptcy Code.  The plaintiff opposed the motion [P. 40].  The defendants' motion for summary judgment will be denied.

*FINDINGS OF FACT*

For the purpose of deciding this motion for summary judgment, the Court finds the following facts, based upon the pleadings and exhibits currently before the court.

Freshstart Solutions, Inc. ("Freshstart"), is a Maryland corporation with its principal office in Pikesville, Maryland.  Demetrius Nickens ("Nickens") is the Chief Executive Officer of Freshstart.  Freshstart employs individuals that prepare the bankruptcy petitions.

On October 3, 2003, the debtor, Dennis Lee Johnson ("Johnson"), met with Nickens for bankruptcy petition preparation services.  Johnson paid Freshstart $313.45 for the services.  Johnson signed a "Legal Advice Disclosure and Binding Arbitration Notice."  On October 7, 2003, Johnson filed the instant Chapter 13 bankruptcy petition. Contrary to Maryland law, Johnson claimed federal exemptions. Expenses listed included $40 per month for electricity and $200 per month for food for a family of five.  His disposable income was listed as $825.21 per month.  He submitted a Chapter 13 plan with proposed plan payments of $91.00 per month for a period of 48 months.  The proposed payment amount and length of the plan was filled in by hand on a Chapter 13 plan form.  The word "None" was checked for every

question on the plaintiff's Statement of Financial Affairs.  Nickens (not Freshstart) was listed as the petition preparer on the petition.

On November 10, 2003, the plaintiff attended his meeting of creditors, at which time the Chapter 13 trustee instructed him to file an amended Schedule F and Statement of Financial Affairs.  The parties agree that Johnson returned to Freshstart where a new Schedule F and a new Statement of Financial Affairs were prepared.  Nickens' role in amending the schedules is unclear.   No petition preparer disclosure was filed with the amended documents.  Johnson did not pay an additional fee for these services.

On December 17, 2003, the trustee objected to Johnson's Chapter 13 plan.  On December 18, 2003, the trustee objected to Johnson's claim of exemptions.  Johnson returned again to Freshstart, where the parties agree that Freshstart prepared amended Schedules B and C.  The debtor alleged that Freshstart also prepared an amended Chapter 13 plan, which the defendants deny.  Nickens' role in amending the schedules and the plan is unclear.   The amended Schedule C included $2,500 in exemptions under § 11-504 (c)(3)(f) of the Courts and Judicial Proceedings Article of the Maryland Code, a nonexistent subsection, causing the plaintiff to exceed his Maryland exemption limit by $2,500.  The new plan proposed payments of $232.55 per month for 18 months on $825.21 of listed disposable income.  The proposed payment

3

amount and length of the plan was again filled in by hand on a Chapter 13 form plan. Johnson alleged in the amended complaint that he paid $25.00 for these additional services. The defendants deny that they received a fee for the services. No petition preparer disclosure was filed with the amended schedules and plan. On January 20, 2004, confirmation of Johnson's Chapter 13 plan was denied. Johnson subsequently hired John K. Burkhardt, Esquire, as counsel to amend his schedules and draft a second amended Chapter 13 plan.

The amended complaint alleges that Nickens and Freshstart have engaged in the unauthorized practice of law, including, but not limited to, advising Johnson of the particular bankruptcy chapter under which to file, what property to exempt and the content and the structure of the proposed Chapter 13 plans; that the defendants failed to comply with the reporting requirements of Bankruptcy Code Section 110 (b)(1) and (c)(1); and that the defendants violated § 110 (f)(1) by communicating that they were "paralegals doing exactly what lawyers do." Johnson has requested damages pursuant to § 110(i), and has asked that the defendants be enjoined from preparing petitions.

The defendants' motion for summary judgment contends that Nickens should prevail on summary judgment because Johnson has not made allegations that are sufficient to pierce the corporate veil and thereby impute liability to him. The defendants argue that Freshstart should prevail on summary judgment because, among

other reasons, Johnson provided them with the information in the schedules and they simply input it. They acknowledge that it is illegal for them to provide debtors with legal advice and assert that they complied with the disclosure requirements of § 110 when they originally filed the petition. The defendants argue that they did not accept any fees for preparing any amended schedules and that this removes them from the definition of petition preparer and therefore the requirements of § 110, including the disclosure requirements.

Johnson maintains in his response that his complaint contains allegations sufficient to pierce the corporate veil and to prevail in complaint under § 110 against both defendants. Johnson contends that his complaint refers to specific instances of fraud and misconduct. He argues that facts remain in dispute and that he will prevail on the merits at trial.

## *CONCLUSIONS OF LAW*

Summary judgment is proper when: 1) the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact; and 2) the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (2001) made applicable to this proceeding by Fed. R. Bankr. P. 7056(c) (2001). *See also, Bailey v. Blue Cross & Blue Shield of Virginia*, 67 F.3d 53, 56 (4th Cir. 1995); *Miller v. FDIC*, 906 F.2d 973 (4th Cir. 1990). Permissible

inferences to be drawn from the underlying facts are viewed in the light most favorable to the nonmoving party, but if the record taken as a whole does not lead the Court to find for the nonmoving party, summary judgment may be granted.  *Miller*, 906 F.2d at 973-74 (*citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356 (1986)).

The Court will not engage in a lengthy analysis of the facts and law of this case. By nature, violations of § 110 of the Bankruptcy Code are fact-intensive disputes.  The outcome of these cases depends largely on what was or was not represented to debtors in bankruptcy about the services to be rendered by the petition preparer.  In this adversary proceeding there are material facts in dispute regarding the nature of the representations made and advice given by Nickens and Freshstart to Johnson.

Also, the Court dismisses the defendants' argument that Nickens should prevail on summary judgment because the plaintiff failed to allege the facts necessary to pierce the corporate veil.  First, when viewed in the light most favorable to the plaintiff, the allegations made by the plaintiff could potentially be a means to pierce the corporate veil.  *See In re Pontier (Hemelt v. Pontier)*, 165 B.R. 797 (Bankr. Md. 1994). Second, because Nickens, and not Freshstart, was disclosed as the petition preparer on the original schedules, the plaintiff may not need to pierce the corporate veil in

order to impose liability upon Nickens.  The Court need not decide this issue at this time.

The pleadings, affidavits and other exhibits indicate that there are genuine issues of material fact regarding the conduct of Nickens and Freshstart.  Consequently, upon consideration of the facts and inferences drawn from them in a light most favorable to Johnson as the non-moving party, the defendants are not entitled to judgment as a matter of law.

WHEREFORE, the defendants' motion for summary judgment will be DENIED.

ORDER ACCORDINGLY.

cc:   John K. Burkhardt, Esquire
      28 Allegany Avenue
      Suite 500
      Towson, Maryland 21204
      Attorney for the Plaintiff

      Kim Parker, Esquire
      2123 Maryland Avenue
      Baltimore, Maryland 21218
      Attorney for the Defendants

      Gerard R. Vetter, Esquire
      Chapter 13 Trustee
      7310 Ritchie Highway
      Suite 715
      Glen Burnie, Maryland 21061

      Freshstart Solutions, Inc.
      300 Reisterstown Road 207
      Pikesville, Maryland 21208

      Office of the U.S. Trustee
      300 West Pratt Street, Suite 375
      Baltimore, Maryland 21201